## APPEAL OF M. FISCHMAN.

Docket No. 2619.   Submitted June 29, 1925.   Decided September 30, 1925.

The Board will not accept the unsubstantiated assertions of tax-payers' representatives as proof of material facts.

*Hermann Herskowitz, C. P. A.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

### Before JAMES, LITTLETON, and SMITH.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $59.13.

### FINDINGS OF FACT.

The taxpayer is an individual residing in New York City, and is a salesman, on a commission basis, of wrapping paper, twine, and corrugated boxes.

On or about October 23, 1919, the taxpayer purchased 20,000 marks at a total cost of $716, and on or about March 1, 1920, he

purchased 10,000 marks at a cost of $105. On December 31, 1923, the value of the German mark in terms of United States currency was $0.000000000000232.

In his income-tax return for the year 1923, the taxpayer deducted as a loss $821, the sum of the above amounts expended in the purchase of German marks, and also deducted an amount of $650, claimed by him to have been expended in entertainment of prospective customers in connection with his business. In the audit of the taxpayer's return, the Commissioner refused to allow either of the above deductions, and from such disallowances the taxpayer appeals.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

JAMES: At the hearing of this appeal the taxpayer did not appear in person. Over objections of the Commissioner, the taxpayer's representative was allowed to put in evidence, without identification, certain checks purporting to evidence the above-mentioned purchases of marks and certain other checks purporting to show that the taxpayer had expended the major portion of the amount claimed as business expenses in the actual conduct of his business. No evidence was submitted to show that the taxpayer had retained the marks so purported to have been purchased until the close of 1923, and no evidence was submitted explaining the connection with the taxpayer's business of the checks offered or their connection with the expenses which he claims were evidenced by the checks.

The evidence offered was plainly incompetent and wholly insufficient. The Board has clearly laid down the procedure to be followed in cases of this sort, namely, the furnishing of evidence by the taking of depositions, which can be done at the home of the taxpayer, and the depositions when so taken can be forwarded to Washington. The Board can not and will not accept the unsubstantiated assertions of taxpayers' representatives as proof of material facts.

ARUNDELL not participating.